UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

JOSEPH S. EVANS and
LINDA B. EVANS,

    DEBTORS.

CASE NO. 04-03288-8-JRL

**O R D E R**

This action is before the court on the objection of the debtors to the attorneys fees and expenses that their creditor RBC Centura Bank ("Bank") seeks to add to its secured claim in this case. Another of the creditors in the case, Southern States Cooperative, Inc., joins in the objection. The court conducted a hearing on the objections on July 12, 2005, and decision is appropriate.

This was an extremely contested and difficult Chapter 11 case. The debtors farm on a large scale, and the docket reflects numerous hearings seeking approval of postpetition financing and requests for relief from the stay. The debtors' first disclosure statement was, after hearing, determined to be inadequate and an amended disclosure statement and plan were filed. A major creditor, Royster-Clark, filed a competing plan. While this case was pending, Congress passed the Fair and Equitable Tobacco Reform Act of 2005 ("FETRA"); the interaction of FETRA and the Bankruptcy Code raised subtle and difficult issues of how the buyout proceeds would be classified and treated in bankruptcy. The court designated this case as the lead one in which all of these issues would be determined, and invited amicus briefs from any interested party in any Eastern District case. Multiple counsel briefed and argued the buyout issues at an extensive hearing on April 7, 2005. With resolution of these issues,

the court proceeded to a contested confirmation hearing that after a day of negotiation resulted in a complex consensual plan being confirmed.

RBC Centura Bank is the debtors' primary secured creditor, with an allowed claim of $1,876,625.98. It has been represented throughout this proceeding by Fields & Cooper, PLLC, and seeks reimbursement of $69,678.19 in fees and expenses by addition of this amount to its secured claim in the case.

Debtors' counsel takes the view that his clients largely conceded the Bank's secured status throughout this case, and thus much of the careful attention paid by counsel to painstaking documentation of the Bank's precise collateral position was unnecessary. The record is not clear that this was the debtors' position throughout. At the hearing on the Bank's stay motion, it was not clear to the court that the debtors were conceding that the Bank was oversecured. More importantly, the disclosure statement initially filed in this case (somewhat inconsistent with the plan treatment) clearly states that the debtors considered the Bank to be undersecured. Thus the court cannot conclude that the time that counsel spent documenting the Bank's secured position was unreasonable.

Debtors' counsel also asserts that the time spent on the FETRA issues by Bank counsel was unreasonable. This case was identified by the court as the lead one in which all parties interested in the FETRA bankruptcy issues would be heard. Inevitably, a new statute such as this involves an enormous amount of study and analysis by all parties, including the court. But the Bank and presumably its counsel are involved in innumerable cases involving this issue, and the analysis done here will redound to their benefit in other cases. It is unfair for these debtors to bear the full expense of this educational effort simply because their case was chosen by the court (through no request of theirs) as the one best

positioned in which to hear the issues. Some reduction is appropriate.

For the foregoing reasons, the court reduces the hours for which reimbursement may be claimed by 30, reducing the attorneys fees by $4,500.00. In making only this reduction, the court is mindful that Fields & Cooper is seeking reimbursement at rates they customarily charge the Bank that are below those authorized to debtors' counsel in this case, and to attorneys of similar experience in other cases. Pursuant to 11 U.S.C. § 506(b), the Bank is authorized to add to its secured claim in this case fees and expenses of $65,178.19.

**So Ordered.**

**Dated: July 28, 2005**

J. Rich Leonard
United States Bankruptcy Judge