**SO ORDERED.**

**SIGNED this 3 day of September, 2015.**

_____
**David M. Warren
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 04-03288-8-DMW |
| JOSEPH S. EVANS | |
| LINDA B. EVANS | CHAPTER 11 |
| DEBTORS | |

## ORDER

This matter comes on to be heard upon the Motion for Order Directing Debtors to Make Additional Payments in Accordance with Confirmed Plan of Reorganization ("Payments Motion") filed by Southern States Cooperative, Inc. ("Southern States") on July 2, 2015 and the Response filed by Joseph S. Evans and Linda B. Evans ("Debtors") on July 16, 2015. The court conducted a hearing on August 26, 2015 in Raleigh, North Carolina. J. Michael Fields, Esq. and Luther D. Starling, Jr., Esq. appeared on behalf of Southern States, and John G. Rhyne, Esq. appeared on behalf of the Debtors. Based upon the pleadings and arguments of counsel, the court makes the following findings of fact and conclusions of law:

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2. The Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code on April 22, 2004, and the Debtors scheduled Southern States as a creditor in the case.

3. On July 1, 2004, Southern States filed a Proof of Claim in the amount of $834,881.80 for an obligation owed by the Debtors for goods sold. The obligation was secured by real estate, equipment, and crops.

4. On June 10, 2005, the court entered an Order Confirming Plan ("Confirmation Order") that confirmed the Debtors' Amended Plan of Reorganization ("Plan") filed on February 17, 2005.

5. Southern States elected pursuant 11 U.S.C. § 1111(b) to have its claim treated as secured for the amount of $834,881.80, but interest would not accrue on the claim. The Confirmation Order provides that this claim will be satisfied by the Debtors paying Southern States the sum of $83,488.18 per year for ten (10) years, with semi-annual payments of $41,744.09 being due on January 31 and August 31 of each year. The first payment was to be made in the fall of 2005, and the final payment was due on January 31, 2015.

6. The Confirmation Order further provides that, as additional security for Southern States' claim, the Debtors would execute successor-in-interest contracts in order to pledge and assign to Southern States certain tobacco producer payments ("Producer Payments") due to the Debtors from Commodity Credit Corporation ("CCC"). Pursuant to the Confirmation Order, these Producer Payments were estimated to be $30,000.00 per year, and the Producer Payments would be offset against the annual amount due from the Debtors to Southern States.

7. The Confirmation Order states that "[n]othing contained in this order shall prevent the Debtors from paying any of the claims in a manner more expeditious than set forth in this

order." Neither the Confirmation Order nor the Plan mention that an allowed claim could be discounted for any early payment.

8. After the entry of the Confirmation Order, the Debtors determined that the amount of the Producer Payments to be assigned to Southern States was $29,741.90 per year from 2005 through 2014; however, due to a change in applicable law, it was no longer practical or feasible to execute the proposed successor-in-interest contracts in favor of Southern States.

9. The Debtors received from CCC the Producer Payments for 2005 and 2006, each in the amount of $29,741.90. The Debtors used a portion of those funds to pay Southern States the first two (2) semi-annual payments in the amount of $41,744.09 due under the Plan.

10. On April 7, 2006, the Debtors filed a Motion in the Cause for an Order in Aid of Consummation of Plan of Reorganization as Confirmed by the Court ("Plan Aid Motion"). In the Plan Aid Motion, the Debtors proposed to assign the Producer Payments due for the next eight (8) years to a farm credit agency or national bank for a lump sum representing the present day value of all funds to be received over the eight (8) year period. The Debtors further proposed that the payments of $41,744.09 due each August from 2006 through 2013 be reduced to $12,002.19, which is the difference between the $41,744.09 semi-annual payment and the amount of $29,741.90 in annual Producer Payments that would have been received under the terms of the Confirmation Order.

11. Southern States did not object to the Plan Aid Motion; however, Royster-Clark, Inc. ("Royster Clark") filed a response asserting that the Plan Aid Motion does not define the manner and method of obtaining a successor-in-interest contract with a nationally recognized

lender or farm credit office, and that the Debtors should be required to obtain at least six (6) quotes and submit to creditors those quotes along with a recommendation for an acceptable contract.[1]

12.     The court scheduled a hearing on the Plan Aid Motion for May 25, 2006. The court removed this hearing from the calendar on May 24, 2006 upon notice to the court that the Debtors and Royster-Clark would submit a Consent Order by June 26, 2006.

13.     On June 26, 2006, the court entered a Consent Order in Aid of Consummation of Plan of Reorganization, as Confirmed by the Court ("Consent Order") executed by the Debtors and Royster-Clark. The Consent Order provides for a sale of the remaining Producer Payments to Farm Bureau Bank for the sum of $186,699.77, with such amount being paid to Southern States. The Consent Order further provides for the proposed reduction of the payments due in the months of August from 2006 through 2013 from $41,744.09 to $12,002.19. The Debtors proposed that the early payment of the funds to Southern States would equal the "present day value" of the funds that Southern States would otherwise receive over a longer period of time.[2] While the Consent Order directly affects the claim of Southern States, Southern States was not a party to the Consent Order and apparently was not a part of the Consent Order negotiations. Further, the Debtors' case docket does not reflect that the Consent Order was served on all creditors in the case.

14.     On September 8, 2006, the court entered a Final Decree and closed the case.

15.     After the case was closed, the Debtors paid Southern States in a manner fairly consistent with the terms outlined in the Consent Order, and on January 31, 2015, the Debtors tendered to Southern States a check in the amount of $41,744.09 and marked "final payment."

---

[1] The Plan and Plan Aid Motion also address tobacco producer payments other than the ones related to Southern States' claim, thereby prompting the response by Royster-Clark as an unsecured creditor under the Plan.

[2] The Consent Order did not contain mathematical support for the "present day value" of the funds being paid to Southern States.

4

Southern States refused this payment and contends that the Debtors still owe Southern States the amount of $88,677.45 to satisfy its claim in the amount of $834,881.80.

16. On July 2, 2015, Southern States filed a Motion to Reopen Chapter 11 Case and the Payments Motion. The court reopened the case on July 23, 2015.

17. The Payments Motion requests the court direct the Debtors to pay Southern States the sum of $88,677.45 to satisfy Southern States' claim of $834,881.80. The Debtors responded that the Consent Order effectively modified the total amount of Southern States' claim, and Southern States should be compelled to accept $37,442.01[3] in full satisfaction of this claim.

18. The United States Bankruptcy Code provides that a Chapter 11 debtor may modify a plan of reorganization "at any time after confirmation of such plan and before substantial consummation of such plan . . . [and] [s]uch plan . . . becomes the plan only if circumstances warrant such modification and the court, after notice and a hearing, confirms such plan as modified, under section 1129 . . . ." 11 U.S.C. § 1127(b).

19. The Plan Aid Motion was mistitled and misleading. It proposed to do far more than aid the consummation of the Plan. That document amended the treatment of Southern States' claim under a confirmed plan of reorganization. Southern States did not receive the due process protection required under 11 U.S.C. § 1129 as cited in § 1127(b). While the Consent Order contained certain findings of fact and conclusions of law affecting Southern States' claim, Southern States was not a party to the Consent Order. The court cannot think of a more essential party to that document. The Debtors cannot simply rely upon the "negative notice" practice in this district because Southern States did not object to the Plan Aid Motion. Maybe if the Plan Aid Motion were more appropriately named, such as "Motion to Modify Plan," the chances are better

---

[3] This amount is different than the amount of $41,744.09 tendered by the Debtors as the final payment, because payment records indicate that the Debtors previously overpaid certain payments by a total of $4,302.08.

that Southern States would have realized that its claim under the confirmed Plan was being modified and would have objected, as voiced at the hearing on the Payments Motion. That result may or may not have been intended by the Debtors. Regardless, the Consent Order is ineffective to alter Southern States' treatment under the Plan.

20. The Debtors, as individuals, still have the opportunity to seek modification of the Plan pursuant to 11 U.S.C. § 1127(e) which provides that "[i]f the debtor is an individual, the plan may be modified at any time after confirmation of the plan but before completion of payments under the plan, whether or not the plan has been substantially consummated, upon request of the debtor . . . ." That anticipated modification, which surely will draw opposition from Southern States, is not properly before the court at this time; now therefore,

It is ORDERED, ADJUDGED, AND DECREED that the Debtors be, and hereby are, directed to pay Southern States the sum of $88,677.45 to satisfy Southern States' claim in the amount of $834,881.80 as allowed in the Plan and Confirmation Order.

**END OF DOCUMENT**